UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

LEON MASON, JR.,
　　　　　　*Defendant-Appellant.*

No. 03-4101

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-01-538-JFM)

Submitted: June 30, 2003

Decided: July 10, 2003

Before WIDENER and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William B. Purpura, Baltimore, Maryland, for Appellant. Thomas DiBiagio, United States Attorney, Jane M. Erisman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Leon Mason, Jr., appeals his conviction pursuant to a guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (2000). Mason preserved his right to appeal the district court's denial of his motion to suppress evidence seized pursuant to an investigatory stop. We affirm.

Under *Terry v. Ohio*, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). To conduct a *Terry* stop, there must be "at least a minimal level of objective justification for making the stop." *Id.* Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. *Id.*; *see also United States v. Hensley*, 469 U.S. 221, 232 (1985). In evaluating police conduct in a *Terry* stop, courts must consider the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 8 (1989). A suspect's presence in an area known for criminal activity is not, by itself, enough to support a *Terry* stop. However, presence in such an area is relevant in a *Terry* analysis, as are flight upon noticing the police and nervous, evasive behavior. *Wardlow*, 528 U.S. at 124.

We review legal conclusions in a district court's suppression determination de novo and review the underlying facts under the clearly erroneous standard, giving "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *United States v. Sprinkle*, 106 F.3d 613, 616-17 (4th Cir. 1997). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

We conclude that the facts found by the district court were not clearly erroneous. Based on those facts, and viewing the evidence in the light most favorable to the Government, we hold that the district court did not err in ruling that the officers had reasonable suspicion sufficient to justify a *Terry* stop. Therefore, the district court did not

err in denying the motion to suppress. We affirm Mason's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*